IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUCY A. BARCLAY,                    )
                                    )
       Plaintiff,                   )
                                    )
   vs.                              ) Civil Action No. 15-67-J
                                    )
                                    )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
       Defendant.                   )


O R D E R

AND NOW, this 29th day of September, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14) filed in the above-captioned matter on October 29, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on September 18, 2015,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.   **Background**

On May 8, 2012, Plaintiff Lucy A. Barclay protectively filed a claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. On May 23, 2012 Plaintiff filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Specifically, Plaintiff claimed that she became disabled

1

on January 21, 2012, due to major depressive disorder, severe, with psychotic features, and major depressive disorder, recurrent. (R. 232).

After being denied initially on June 22, 2012, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on June 18, 2013. (R. 35-66). At the hearing, Plaintiff amended her alleged onset date to September 21, 2010. (R. 227). In a decision dated August 13, 2013, the ALJ denied Plaintiff's request for benefits. (R. 15-34). The Appeals Council declined to review the ALJ's decision on January 13, 2015. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence."

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the

Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(e), 416.920(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since September 21, 2010. (R. 20). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, specifically, cervical degenerative disc disease, shoulder osteoarthritis, obesity, bipolar disorder, obsessive compulsive disorder, and panic disorder with agoraphobia. (R. 20). The ALJ further concluded

4

that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 21).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she is limited to occasional kneeling, crawling, and climbing of ladders, ropes, and scaffolds, and she is limited to simple, routine, repetitive tasks with only occasional changes in the work setting and occasional interaction with the public. (R. 23). At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, and he moved on to Step Five. (R. 27). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as small parts assembler, weigher, and plastics inspector. (R. 28, 62-63). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 28-29).

## IV. **Legal Analysis**

Plaintiff raises several arguments as to why she believes that the ALJ erred in finding her to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that the ALJ's decision failed to address sufficiently the evidence of record regarding Plaintiff's participation in a long-term partial hospitalization program. Because such a significant part of Plaintiff's treatment was not discussed at all by the ALJ, the Court finds that substantial evidence does not support the ALJ's decision, and the Court will remand the case for further consideration.

As the finder of fact, it is the ALJ's responsibility to formulate a claimant's RFC, and the determination of whether an individual is disabled "is an ultimate issue reserved to the

Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006); 20 C.F.R. §§ 404.1546(c), 416.946(c).  Nevertheless, in assessing a claimant's RFC, it is the duty of the ALJ to consider **all the relevant evidence in the record**.  See 20 C.F.R. §§ 404.1545, 416.945.  Moreover, if the ALJ "has not sufficiently explained the weight he has given to all probative evidence, it may be inappropriate for the court to find that substantial evidence supports the ALJ's decision." Gamret v. Colvin, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citing Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

In his discussion of Plaintiff's mental health treatment, the ALJ noted that Plaintiff "sought longstanding treatment from the Bedford-Somerset Mental Health and Mental Retardation Clinic" ("the Clinic").  (R. 26).  The ALJ characterized such treatment as "routine and conservative in nature consisting of regular office visits and psychotropic medications." (R. 26).  The ALJ further explained that the majority of Plaintiff's treatment at the Clinic "came at the hands of James M. Koban, M.D., and Barbara Smucker, D.O." (R. 26).  The ALJ then summarized various treatment records from Drs. Koban and Smucker.  (R. 26).

In addition to her treatment with Drs. Koban and Smucker, however, Plaintiff was also involved in a partial mental health hospitalization program at the Clinic.  In fact, from October, 2010, until February, 2012, the record indicates that Plaintiff took part in an extensive partial hospitalization program, often two days a week, frequently 6 hours a day.  (R. 583-717, Ex. 17F-21F).  The parties agree that Plaintiff missed scheduled sessions during that period, and that not all sessions lasted a full 6 hours.  Nevertheless, the Court finds it troubling that the ALJ did not discuss—or even mention—Plaintiff's involvement in this partial hospitalization program in his decision.

The Court notes that Plaintiff's participation in this program was briefly discussed at her administrative hearing. (R. 55-56). In fact, at the hearing, after Plaintiff testified that she had been in a partial hospitalization program after having received inpatient hospital care for a period of time following a breakdown, Plaintiff's counsel remarked that the onset date would need to be amended. (R. 56). Plaintiff's counsel then informed the ALJ that he wished to amend the onset date to the date on which Plaintiff was admitted into the psychiatric unit at the hospital, after which she went to partial hospitalization for approximately one year. (R. 57). The ALJ also agreed at the hearing to keep the record open for 14 days so that notes from Plaintiff's partial hospitalization could be added to the record. (R. 60). Plaintiff's attorney subsequently supplemented the record with documentation from the program. (R. 583-717, Ex. 17F-21F).

The Court is mindful that, after discussing Plaintiff's treatment with Drs. Koban and Smucker, the ALJ cited to the doctors' treatment notes and to the supplemental exhibits, and that the ALJ also cited generally to the supplemental exhibits along with other exhibits elsewhere in his opinion. It therefore appears that the ALJ was aware that Plaintiff's partial hospitalization notes had been added to the record. However, since the ALJ did not actually address Plaintiff's involvement in this program in any way, and since he referred to Plaintiff's treatment at the Clinic as consisting only of "regular office visits and psychotropic medications," it is not clear to the Court whether the ALJ actually considered this aspect of Plaintiff's treatment history in his analysis. For example, it is not apparent whether the ALJ considered Plaintiff's partial hospitalization when determining the seriousness of her impairments or when evaluating her credibility, nor is it apparent whether he considered her partial hospitalization in determining whether she was able to work during the time that she was participating in the program. Thus,

because the ALJ did not address this significant part of Plaintiff's mental health treatment, the Court cannot find that the ALJ's RFC is supported by substantial evidence.

Accordingly, while an ALJ is by no means required to discuss every piece of evidence presented in a record, the Court finds that this treatment program was significant enough that the ALJ should have addressed it in some way in his decision. Moreover, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.[1]

## V. Conclusion

In short, in his decision, the ALJ failed to discuss, and thus failed to demonstrate that he adequately considered, Plaintiff's involvement in the partial hospitalization program described, supra. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1] Although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the opinions and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand.